Filed 12/10/25  P. v. Metcalf CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B342536 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA514082) |
| v. | |
| NATHAN METCALF, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kimberley Baker Guillemet, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Nathan Metcalf appeals from the judgment after a jury convicted him of assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd, (c))[1] and possessing a firearm as a felon (§ 29800, subd. (a)(1)) and found true the allegation Metcalf personally inflicted great bodily injury while committing a felony or attempted felony (§ 12022.7, subd. (a).)  We appointed counsel to represent Metcalf on appeal.  After reviewing the record counsel for Metcalf did not identify any arguable issues and asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, which we did.  After independently reviewing the record, we have not identified any arguable issues either.  Therefore, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning hours of April 8, 2023 Los Angeles County Deputy Sheriffs Christopher Rodriguez and Kimberly Firman were on patrol when they saw an SUV in a parking lot. Thinking it unusual the car was parked in front of a closed pizza restaurant, the deputies approached the SUV.  Deputy Firman ran the license plate numbers, while Deputy Rodriguez shined a flashlight into the car to see if anyone was inside.  Deputy Rodriguez heard voices say, "Hey, we're leaving now."  The deputies did not respond and left the parking lot to continue their patrol.

A few minutes later, the deputies heard the revving of a car engine and saw an SUV drive by in front of them that had "a light being illuminated to the driver's face, like they were holding

_____

[1]     Statutory references are to the Penal Code.

a cellphone as they were driving." When the deputies made a U-turn to see the license plate number, the SUV began speeding and crossing lanes. The deputies caught up with the SUV at a red light and ran the license plate number, which confirmed it was the same SUV they had seen earlier.

When the traffic light turned green, the deputies turned on their patrol car's overhead lights to conduct a traffic stop. At first the car did not stop, but a block later it came to an abrupt stop. Deputy Firman got out of the patrol car, approached the passenger side of the SUV, and ordered the passenger to lower the window. The passenger did not comply.

Deputy Rodriguez approached the driver's side of the SUV and told Metcalf to roll his window down all the way. Within a few seconds of approaching the SUV, however, Deputy Rodriguez saw Metcalf sitting in the driver's seat and looking into in his lap. Deputy Rodriguez followed Metcalf's gaze and saw a handgun under Metcalf's right thigh. Deputy Rodriguez said to Metcalf, "Don't get the gun."

Metcalf reached with his right hand toward the SUV's gear shift and brought his left hand down. Deputy Rodriguez put his left hand on Metcalf's left shoulder to stop him from reaching for the gun, and with his other hand pulled out his weapon as Metcalf brought his gun up and pointed it toward Deputy Firman. Deputy Rodriguez and Metcalf fought over Metcalf's gun, but the deputy lost his grip on the gun when SUV accelerated. Deputy Rodriguez fired his weapon as the car began dragging him. Eventually, he fell, and Metcalf drove the SUV over his right ankle and left knee.

Deputy Rodriguez suffered a fractured right ankle and torn ligament in his left knee. Metcalf was arrested in Missouri in October 2023 and sent back to Los Angeles.

The People charged Metcalf with assault with a firearm on a peace officer (§ 245, subd. (d)(1)), assault with a deadly weapon on a peace officer (§ 245, subd, (c)), and possessing a firearm as a felon (§ 29800, subd. (a)(1)). The People alleged Metcalf personally used a firearm and personally inflicted great bodily injury (§§ 12022.5, subd. (a), 12022.7, subd. (a)), as well as several aggravating factors under California Rules of Court, rule 4.421.

The jury found Metcalf not guilty of assault with a firearm on a peace officer, but guilty of assault with a deadly weapon on a peace officer and possessing a firearm as a felon. The jury also found true the allegation Metcalf inflicted great bodily injury. Metcalf waived his right to a jury trial on aggravating factors, and the trial court found four of them true beyond a reasonable doubt. The court sentenced Metcalf to the upper term of five years on Metcalf's conviction for assault with a deadly weapon on a peace officer, plus three years for the great bodily injury enhancement, and eight months on his conviction for possessing a firearm as a felon. Metcalf timely appealed.

## DISCUSSION

After reviewing the record counsel for Metcalf filed a brief raising no issues. On August 27, 2025 counsel advised Metcalf of his evaluation of the record and his intention to file a no-issue brief. Counsel also advised Metcalf of his right to file a supplemental brief. In addition, this court sent a letter to Metcalf on August 28, 2025, advising him that, "[w]ithin 30 days

4

of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We also advised appointed counsel to "send the record of this appeal and a copy of appellant's opening brief to appellant immediately." We did not receive a response from Metcalf.

We have examined the record and are satisfied that appellate counsel for Metcalf has complied with his responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.


SEGAL, Acting P. J.

We concur:


FEUER, J.


STONE, J.

5